BAKER *v.* STACKPOOLE, 9 Cow. 420.

Not reported in S. Ct.

*Partner ; Evidence ; Payment.*

THE Court of Errors decided in this case :

1. That the admissions of one partner, either of an account or of any fact, made after the dissolution of the partnership, are not admissible as evidence to affect any other member of the firm.

2. That a person indebted to the same creditor on different accounts or demands, and making payment, may direct the payment to be applied to which account or demand he pleases ; and if he fails to make the application, the creditor may make it at his option.

3. That where neither party has made such an appropriation, the law will do it upon certain rules of presumption. Where A. has a demand against B. and C., and a more recent demand against B. alone, who makes an indefinite payment ; *it seems* that the law will appropriate it first to the *individual* demand, and then the residue, if any, to the joint demand ; though if B. were the sole debtor, it would it seems appropriate it to the oldest debt, in the first instance. But in such case the creditor can not wait after the payment, until B. may become farther indebted, and then apply the payment to the demand created since the payment, leaving the previous demand unpaid ; in no case can a general payment be thus retained and applied to a demand afterward created, leaving the prior one unsatisfied.

See *Pattison* v. *Hull,* 9 Cow. 747, and note (*b.*) thereto.

---

☞ The judgment of the Supreme Court in this case would seem to have been *reversed* mainly on the first and third grounds, as it is not probable that the second point could have been otherwise decided by the Supreme Court, than by the Court of Errors.